IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD GROAT,                              Civ. No. 03-6309-HO

    Plaintiff,                         ORDER

    v.

CITY OF SALEM,

    Defendant.

The first amended complaint (FAC) alleges violation of the Age Discrimination in Employment Act, Title VII, Oregon laws prohibiting age and gender discrimination in employment and Oregon's whistleblower law, and that defendant wrongfully discharged and intentionally inflicted emotional distress upon plaintiff. Defendant City of Salem filed a motion for summary judgment and a motion to strike evidence submitted by plaintiff. Plaintiff's evidence is insufficient to create triable issues of fact as to whether plaintiff's age or sex was a motivating or

determining factor for defendant's actions against plaintiff. Defendant is therefore entitled to summary judgment on plaintiff's federal claims. The court will dismiss plaintiff's remaining state law claims without prejudice pursuant to 28 U.S.C. § 1367(c).

## Facts

Except where noted, the following facts are undisputed for purposes of resolving defendant's motion.

Plaintiff worked for the City of Salem, Oregon from August 29, 1994, until his termination on August 23, 2002. Plaintiff was first employed as a 9-1-1 call taker. He was promoted to telecommunicator II sometime in 1995. He applied for a position as loss control representative in 1995, and began him employment in that position in December of that year. Plaintiff was 60 years old when terminated from employment. Plaintiff received a police officer standards training certificate from Orange Coast College, and J.D. from Pepperdine University.

Risk Manager Sharee Emmons made the decision to hire plaintiff. Emmons was plaintiff's immediate supervisor. She is 65 years old.

Plaintiff was involved in an inspection of a sewer main line repair crew which included Gary Jones, Steve Johnson and Guido Coszalter. Plaintiff contends that the inspection took place in 1997, after his work assignment was changed. Plaintiff contends

and defendant denies that Emmons asked him to perform inspections in order to harass the crew.

Emmons gave plaintiff a performance appraisal on July 10, 2002, for the period July 1, 2001, to June 30, 2002. The appraisal contains, <u>inter alia</u>, comments on work performance and areas where improvement was required. Emmons Decl., Ex. D. Plaintiff responded to the performance evaluation in writing. He did not formally appeal the evaluation and did not believe that it threatened his employment status. Plaintiff received performance evaluations and pay increases in 1999 and 2000. He did not receive a performance evaluation in 2001. He did not receive a pay increase following a July, 2002 performance evaluation.

In late May, 2002, plaintiff received a subpoena to testify in a case (the "Coszalter" matter) brought against the City of Salem by three employees. Plaintiff met with the city's attorney, Mr. Guse, to discuss his anticipated testimony. Guse reviewed plaintiff's anticipated testimony with Emmons on or about May 30, 2002. On June 5, 2002, plaintiff met with insurance adjuster Theresa Duff. Plaintiff told Duff that he knew of ongoing harassment by Randy Pecor at issue in the Coszalter case, and that he intended to testify about the harassment. The parties dispute whether plaintiff made other statements to Duff regarding plaintiff's anticipated testimony

3 - ORDER

and his feelings towards Emmons and the City.

Duff conveyed the substance of her conversation with plaintiff to Emmons on or about June 25, 2002, and to Director of Human Resources Constance Wiggins on June 26, 2002. Wiggins responded by authorizing Labor Relations Administrator George Barry to conduct an investigation into plaintiff's performance. Plaintiff contends that the information relayed from Duff to Wiggins and Emmons is the reason Wiggins initiated the investigation into plaintiff's work performance. Defendant contends that Duff's information was one reason for the investigation, and that complaints to Emmons about plaintiff's work performance and productivity were other reasons.

Emmons and Barry delivered a pre-disciplinary hearing notice to plaintiff during a private meeting on August 12, 2002. The notice provided plaintiff with an opportunity to participate in a hearing on August 16, 2002. Plaintiff submitted a written response and participated in the hearing. Emmons took notes of plaintiff's hearing statements. The parties dispute the accuracy of these notes. Plaintiff denied wrongdoing, apologized, and told Emmons and Barry that he would do anything they wanted in order to retain his employment.

Emmons notified plaintiff of her decision to terminate his employment in an August 23, 2002 decision letter. The letter notes charges of "Violation of Personnel Rules, Section 8.01,

Standard of Conduct, 8.02 Improper Conduct, and violations of requirements of . . . job specification." Pl's Ex. 16. The letter further states in part,

> You have not presented any information that has refuted the charges. You have in your written statement said "The only other employee that I was harsh with was Randy Pecor . . ." This statement, in addition to your repeated requests to keep your job, has verified that the reported information contained within the charges is an accurate reflection of your performance.

Pl's Ex. 16 at 5.

The City of Salem has specific standards of conduct applicable to loss control representatives. The parties dispute whether plaintiff's conduct violated these policies and failed to meet these specifications.

Plaintiff appealed Emmons' termination decision to Wiggins. Wiggins met with plaintiff and affirmed Emmons' decision. Plaintiff appealed Wiggins' decision to the City Manager, who affirmed Wiggins' decision.

Emmons hired LuAnn Anderson as an "emergency hire" to fill plaintiff's position on September 3, 2002. Anderson previously worked as a loss prevention officer for the City of Salem and is highly qualified for the position. Emmons appointed Anderson to a part-time career position on October 21, 2002. Anderson was 47 years old at the time.

Sometime prior to the alleged change in plaintiff's work assignment in 1997, plaintiff reported to Emmons that a male

5 - ORDER

employee had pornographic material on his computer. The employee was not terminated, and was presented with a promotional opportunity to work for the Oregon Department of Transportation. Plaintiff filed a sexual harassment claim with Emmons on his own behalf based on this incident. Plaintiff claims, and defendant disputes, that Emmons changed plaintiff's work assignment in retaliation for plaintiff's sexual harassment complaint.

Plaintiff contends that Emmons had a practice of meeting Duff for lunch every Friday, that the contractor billed the city for the cost of the lunch, that plaintiff questioned Emmons regarding the propriety of this practice, and that Emmons stopped having lunch with the contractor. The City admits that Emmons occasionally had lunch with Duff, but otherwise denies these allegations.

Wiggins requested plaintiff's assistance with an investigation of an alleged wrongful death involving Emmons's son, a city police officer. Emmons could not participate in the investigation because of a conflict of interest.

## Discussion

The court first addresses defendant's motion to strike all or part of 18 statements contained in plaintiff's affidavit. The motion is denied. Defendant is assured, however, that the court will not find triable issues of fact where none would be found without consideration of inadmissible evidence.

Defendant moves for summary judgment dismissing all claims. Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Defendant argues that plaintiff has not produced sufficient evidence to survive summary judgment on his federal age and sex discrimination claims. The burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) applies under the ADEA when an employee must rely on circumstantial evidence. Enlow v. Salem-Keizer Yellow Cab Co., 389 F.3d 802, 812 (9th Cir. 2004). Assuming without deciding that plaintiff has established a prima facie case of disparate treatment age discrimination (see Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th Cir. 2000)), defendant provided legitimate reasons for taking action against plaintiff. Emmons' found in her written decision that plaintiff did not present information refuting the charges in the pre-hearing notice. Emmons' Decl., Ex. I at 1. The charges include insubordination, offensive conduct or language toward the public or other city employees, inefficiency, inattention to duty, willful violation of city charter, ordinance or rule, and violation of job specification. Emmons' Decl., Ex. F at 1-2. The pre-hearing notice sets forth the basis for the charges in detail. Id. at 2-4.

Plaintiff may establish that his employer's stated reasons

7 - ORDER

for discharge are a pretext for age discrimination through evidence showing that the employer's reasons are unworthy of belief and/or that discrimination more likely motivated the employer's decision. Pottenger v. Potlatch Corp., 329 F.3d 740, 746 (9th Cir. 2003). Plaintiff must present sufficient evidence for a reasonable juror to conclude that his age was a motivating or determinating factor in the decision to discharge him. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000). Plaintiff retains the burden to prove, based on all the evidence, that a rational trier of fact could find that his employer discharged him for an impermissible, discriminatory reason. Pottenger, 329 F.3d at 746.

Plaintiff points to his writing refuting the bases for the charges in the pre-hearing notice. He denies certain allegations and explains that others are based on faulty or improper interpretations of cited facts. Pl's Ex. 16. He does not recall some facts, and states that he does not understand others. Id.

Nothing in the evidence plaintiff relies on to prove that the city's proffered reasons are not worthy of credence suggests that plaintiff was discharged as a result of his advanced age. Further, it is undisputed that Emmons, who was 65 when she terminated plaintiff, is the same person who decided to hire plaintiff when plaintiff was more than 50, well into the protected over-40 class. Plaintiff's only evidence of disparate

8 - ORDER

treatment on account of age is the fact that he was replaced by someone 13 years his junior who was also a member of the protected class.

Elsewhere in his affidavit, plaintiff provides alternative theories as to why he was discharged.

> Emmons appeared very concerned about my anticipated testimony in the Coszalter matter and I was retaliated against because my testimony provided evidence against her and the City. At the time Emmons initiated the investigation into my work performance she had determined that she wanted to get rid of me and told Barry to investigate me so she could find some reason to get rid of me.

Pl's Aff., ¶ 8. Plaintiff disputes that he disparaged Emmons to Duff, but admits (and contends in support of his whistleblower claim) that he discussed with Duff what his testimony would be in the Coszalter case, that he told Duff his testimony would be unfavorable to the city, that Duff told Emmons and Wiggins what plaintiff's testimony would be, and that Emmons thereafter commenced the investigation into his work performance. Id., ¶¶ 5-7. Plaintiff also avers that Emmons assigned field work in retaliation for his filing of a sexual harassment complaint on his own behalf in 1997 for Emmons' failure to delete pornographic material from plaintiff's co-worker's computer. Id., ¶ 2.

A reasonable jury could not conclude, based on all the evidence, that plaintiff's age was a motivating or determining factor for the decision to discharge plaintiff. Defendant is entitled to summary judgment on plaintiff's ADEA claim. See

9 - ORDER

Douglas v. Anderson, 656 F.2d 528, 535 (9th Cir. 1981) (finding insufficient evidence of pretext to survive summary judgment); see also Pottenger, 329 F.3d at 749 (same).

The above analysis also applies to plaintiff's Title VII claim. The only additional evidence of discrimination cited by plaintiff in support of this claim is the fact that Emmons once in 1997 hired a woman to fill an open position that resulted from the resignation of a male employee. No reasonable jury could conclude from all the summary judgment evidence that plaintiff's sex was a motivating factor in the decision to discharge him.

Defendant is entitled to summary judgment on, and dismissal of, plaintiff's two federal claims. The court exercises its discretion to dismiss the remaining state law claims. See 28 U.S.C. § 1367(c)(3); Bryant v. Adventist Health System/West, 289 F.3d 1162, 1169 (9th Cir. 2002).

## Conclusion

Based on the foregoing, defendant's motion for summary judgment [#70] is granted in part and denied in part; defendant's motion to strike [#102] is denied; the first and second claims of

///
///
///
///
///

the first amended complaint are dismissed with prejudice, the third through sixth claims are dismissed without prejudice. This action is dismissed.

    IT IS SO ORDERED.

    DATED this 2nd day of February, 2006.

                                         /s/ Michael R. Hogan
                                         United States District Judge